IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSEBUD LMC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1712 (GMS) |
| | ) | |
| SALESFORCE.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SALESFORCE.COM, INC.'S REPLY BRIEF IN
<u>SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

                                                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                                Jack B. Blumenfeld (#1014)
                                                                Stephen J. Kraftschik (#5623)
                                                                1201 North Market Street
                                                                P.O. Box 1347
                                                               Wilmington, DE  19899
                                                                (302) 658-9200
                                                                jblumenfeld@mnat.com
                                                                skraftschik@mnat.com

OF COUNSEL:                                *Attorneys for Defendant*

Ryan M. Kent
Sonal N. Mehta
Laura Miller
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

March 16, 2018

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT .............................................................................................................. 2

    A. Rosebud has not pled facts sufficient to state a direct infringement claim. ......... 2

        1. A plaintiff must plead a plausible claim of infringement. ...................... 2

        2. Rosebud did not plead a plausible claim for direct infringement. .......... 3

            a. Quip without Live Apps ............................................................... 3

            b. Quip with Live Apps .................................................................... 5

    B. Rosebud has not pled facts sufficient to state a joint infringement claim. ......... 5

    C. Rosebud has not pled facts sufficient to state an inducement claim. ................... 8

III. CONCLUSION ........................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) ................................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................2, 3, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................2

*Cleveland v. Policy Mgmt. Sys. Corp.*,
   526 U.S. 795 (1999) ..................................................................................................................8

*Dorley v. S. Fayette Twp. Sch. Dist.*,
   129 F. Supp. 3d 220 (W.D. Pa. 2015) ......................................................................................8

*In re Livent, Inc. Noteholders Sec. Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001) ..................................................................................7, 8

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) ................................................................................................5

*Nalco Co. v. Chem-Mod, LLC*,
   --- F.3d ---, No. 2017-1036, 2018 WL 1055851 (Fed. Cir. Feb. 27, 2018) ....................2, 3, 7

*Prowire LLC v. Apple, Inc.*,
   C.A. No. 17-223 (MAK), 2017 WL 3444689 (D. Del. Aug. 9, 2017) ......................................2

*Raptor, LLC v. Odebrecht Constr., Inc.*,
   No. 17-21509-CIV, 2017 WL 3776914 (S.D. Fla. Aug. 31, 2017) ..........................................8

*Sonrai Sys., LLC v. AMCS Grp. Inc.*,
   No. 16 C 9404, 2017 WL 4281122 (N.D. Ill. Sept. 27, 2017) ..................................................6

*Thomas v. Kamtek, Inc.*,
   143 F. Supp. 3d 1179 (N.D. Ala. 2015) ...................................................................................8

**Rules and Statutes**

Fed. R. Civ. P. Rule 8 ....................................................................................................................8

Fed. R. Civ. P. 8(d)(2) ...................................................................................................................7

Fed. R. Civ. Rule 12(b)(6) ............................................................................................................2

**I.     INTRODUCTION**

Rosebud opposes Salesforce's motion to dismiss its First Amended Complaint ("Complaint") by touting allegations that even if true do not state a claim for infringement, by identifying contradictory factual allegations that are thus implausible, and by creating new theories and factual allegations that are not in the Complaint.

When the lawyer argument is stripped away, however, and the focus is put on the well-pled factual allegations in the Complaint, it is clear that the Complaint does not state a claim for direct or joint infringement, or for inducement.

*First*, one of the key limitations of the asserted claims is that "no events that have an effect outside the stand alone application are propagated." Yet Rosebud's Complaint fails to plead any plausible factual allegation demonstrating that no events with meaning outside of Quip are propagated. The Complaint, in fact, includes factual allegations that demonstrate the opposite—namely, that Quip propagates events having meaning in another application called Jira.

*Second*, for joint infringement, Rosebud must demonstrate that Salesforce either directs and controls its developers' actions or is part of a joint enterprise with them. But the Complaint lacks factual allegations sufficient to reach either conclusion. Indeed, the Complaint rests its joint infringement claim on twin contradictory factual allegations that both cannot be true and thus are implausible.

*Third*, in defending its claim for inducement, Rosebud relies on a theory and factual allegations that are not found in its Complaint. But factual allegations need to be present in the Complaint—or appropriately incorporated by reference—to state a claim for relief.

Therefore, as explained in Salesforce's opening brief and further below, Rosebud's Complaint should be dismissed.

## II.     ARGUMENT

### A.     Rosebud has not pled facts sufficient to state a direct infringement claim.

#### 1.     A plaintiff must plead a plausible claim of infringement.

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and thus "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For patent infringement, where liability requires proof that each and every element is present in the accused instrumentality, courts have interpreted this standard to require the complaint to show that the accused product or service plausibly meets every element of the claim. *See* D.I. 15 at 5.

Rosebud challenges the holdings in these cases. It cites two cases—*Prowire LLC v. Apple, Inc.*, C.A. No. 17-223 (MAK), 2017 WL 3444689 (D. Del. Aug. 9, 2017), and *Nalco Co. v. Chem-Mod, LLC*, --- F.3d ---, No. 2017-1036, 2018 WL 1055851 (Fed. Cir. Feb. 27, 2018)—that it contends hold otherwise. D.I. 16 at 5–6. Neither does. In *Prowire*, the court did not resolve this question, stating that "[b]ecause we find Prowire's allegations plausible to state a claim for direct infringement for each element of Claim 1 and Claim 11, we do not reach the question whether a plaintiff must plead plausible allegations the defendant infringes on every element/limitation of a patent's claim." 2017 WL 3444689, at *4. And, in *Nalco*, the issue decided by the Federal Circuit also was different. There, the Federal Circuit stated that the "disputes between the parties hinge on where 'flue gas' may be located within the power plant and what limitations are appropriate on where 'injecting' may occur," and denied the motion to dismiss because it "is not appropriate to resolve these disputes . . . on a Rule 12(b)(6) motion, without the benefit of claim construction." 2018 WL 1055851 at *8. As a result, the Federal Circuit held that the plaintiff did not have to "prove its case at the pleading stage," and in doing

2

so, recognized that prior case law did not require a plaintiff to "establish" each element of the claim. *Id.*[1]

But the Court need not resolve what *Nalco* means. The *Nalco* decision itself reaffirms the test stated by the Supreme Court cited above—namely, whether the plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *5 (quoting *Iqbal*, 556 U.S. at 678). This is the test applied by Salesforce, and Rosebud's Complaint does not meet it.

### 2. Rosebud did not plead a plausible claim for direct infringement.

Rosebud's opposition argues that its Complaint includes "at least two infringing structural configurations of Quip," one of which is directed at Quip "without integration of any Live Apps," and the second of which is directed at Quip when "integrated with Live App functionality." D.I. 16 at 1. As discussed below, the Complaint fails to plead a claim for direct infringement for either alleged configuration.

#### a. Quip without Live Apps.

Rosebud's Complaint fails to plead sufficient facts to conclude that Quip alone infringes the asserted claims for two reasons.

*First*, try as it might, Rosebud fails to identify where its Complaint pleads facts that would permit the Court to plausibly conclude that "no events that have an effect outside the stand-alone application are propagated." Rosebud instead points to its pleading of unrelated Quip security functionality. D.I. 16 at 7–9. Rosebud argues that this functionality is consistent with security features mentioned in the specification of the asserted patents. *Id.* at 7–8. But

---

[1] Rosebud cherry-picks a quote from the *Nalco* decision and in doing so emphasizes the wrong word. As noted above, the Federal Circuit's holding rejected defendant's request to have the plaintiff prove or establish its claim and accordingly did not have to decide whether plausible allegations needed to be alleged for each element of the claim. *See* 2018 WL 1055851, at *8.

infringement is measured by what the *claim says*, and Rosebud identifies no factual allegations that if true would show no events that have an effect outside the stand-alone application are propagated.

Nor can Rosebud cast this dispute as one of claim construction. *Id.* at 8–9. The Quip features identified in the Complaint do not speak to whether events are or are not propagated by Quip, regardless of the construction ascribed to this phrase. Instead, as Rosebud concedes, these Quip security features are explicitly tied to preventing "unauthorized access," *see id.* at 7, and nothing in the Complaint links preventing unauthorized access to preventing Quip from propagating events with meaning outside of Quip. Rosebud, in fact, does not make this connection even in its opposition—presumably because preventing unauthorized access is not the same as preventing the propagation of changes that have meaning, for example, to an application like Slack or Jira.

*Second*, the factual allegations that Rosebud pleads undermine any argument that "*no* events that have an effect outside the stand-alone application are propagated." Simply put, Rosebud's Complaint details how *some* events with meaning outside of Quip (namely, to a LiveApp) are in fact propagated. *See*, *e.g.*, D.I. 12 ¶¶ 32, 61 ("Quip can also replicate and share the changes to the document or file, including a Live App native document file, in the integrated Quip/Live App made by one user in one instance of the Quip/Live App by transmitting the changes over a network and displaying those changes to other collaborators on their instances of the Live App and/or Quip/Live App."); *id.* ¶¶ 32, 60 (citing https://marketplace.atlassian.com/plugins/quip.jira.liveapp/cloud/overview) ("Teams can view edit and update agile software development tool, Jira, directly within any Quip document, ensuring that conversations are

4

always happening at the right time."). These factual allegations—which are taken as true—render it implausible that Quip infringes.

### b. Quip with Live Apps.

Rosebud contends that it "alleges that when integrated with a Live App, the Live App functions as the 'stand-alone application'" called for in Claim 1," so that "[i]n Salesforce's example, Jira acts as the stand-alone application." D.I. 16 at 9. But this is not what the Complaint pleads. Instead, the Complaint identifies Quip alone as the stand-alone application, stating "Quip therefore acts as a common (stand-alone) application to create and edit documents in response to user actions." D.I. 12 ¶¶ 28, 56. At no point does the Complaint identify the Live App as the "stand-alone application." As a result, the theory espoused by Rosebud in its opposition is not found in the Complaint and cannot defeat this motion to dismiss.

Moreover, Rosebud's new theory is fatally flawed and cannot plausibly state an infringement claim. Simply put, if Jira is the stand-alone application, Jira is also propagating events that have meaning outside Jira—namely, meaning to Quip. *See*, *e.g.*, *id.* ¶¶ 32, 33, 60, 61. Therefore, Rosebud's direct infringement claim should be dismissed.

### B. Rosebud has not pled facts sufficient to state a joint infringement claim.

In its opposition, Rosebud contends that "the integrated Quip/Live App is intentionally designed to act in concert to perform all steps of the asserted claim," which Rosebud argues is enough to plead a claim for joint infringement. D.I. 16 at 10. Not so. To establish a claim for joint infringement, Rosebud must plead facts that would permit the Court to attribute the acts of another company—here, the developer of the LiveApp—to Salesforce. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016). As a result, the Complaint must plead facts that if true would show either that (i) Salesforce directed or controlled the other company's actions or that

5

(ii) the two companies formed a joint enterprise.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).

Rosebud cannot identify any such factual allegations in its Complaint.  It first points to an allegation about an API made available by Salesforce.  D.I. 16 at 10.  Rosebud claims that this API results in Salesforce's "control" of "the operation of the Live Apps."  *Id.*  But the Complaint does not—and cannot—make that allegation.  What the Complaint actually says is that Salesforce "produces the application programming interface (API) code necessary to integrate the functionality of Quip and a Live App, and actively encourages developers to integrate that code into a Live App."  D.I. 12 ¶ 38.  In other words, according to the Complaint, Salesforce creates an API that *allows* developers to integrate their application and Quip functionality if the developer *chooses* to do so.  *Id.*  The Complaint, in fact, is explicit that Salesforce "encourages" a developer to integrate, not that Salesforce *requires* this integration.  This allegation—even if true—means that Salesforce offers a technology (an API) that allows a developer to use Quip technology within its application or vice versa.  This is insufficient to state a claim for joint infringement.  *See, e.g.*, *Sonrai Sys., LLC v. AMCS Grp. Inc.*, No. 16 C 9404, 2017 WL 4281122, at *6 (N.D. Ill. Sept. 27, 2017) ("But the fact that AMCS provided the technology to Lakeshore has no bearing over whether AMCS in fact exercised control over Lakeshore's use of the technology to infringe.  Sonrai has alleged only that AMCS provided technology to Lakeshore and instructed Lakeshore how to use it; nothing in those allegations implies that AMCS has the authority of a principal or has an equal voice in the conduct of Lakeshore's use of the technology.").

Perhaps recognizing the insufficiency of its pleadings, Rosebud next tries to switch its joint infringement theory to one that is not found in its Complaint.  Rosebud's opposition argues

that it is "a reasonable inference from Rosebud's FAC that third party Live App developers seek to gain the benefit of Quip functionality as well as the benefit of reaching a wider audience for their software and that they can only obtain those benefits by adding the code created and specified by Salesforce to control the interface of their applications," citing paragraphs 33 and 66 of its Complaint. D.I. 16 at 11. Rosebud's choice of words is revealing. Rosebud wants the Court to "infer" allegations because those allegations ***don't exist*** in the Complaint. *See* D.I. 12 ¶¶ 33, 66.[2] And, suffice it to say, Rosebud's Complaint cannot state a claim for relied based on theories, allegations and inferences found only in its opposition.

Nor are Rosebud's allegations of "joint enterprise" sufficient to state a claim. Not only are these allegations conclusory, as explained in Salesforce's opening brief, they are inconsistent with the (also conclusory) allegation by Rosebud that Salesforce directs and controls the actions of its developers. Rosebud, for example, asserts that "Salesforce and the third party Live App developers both have an equal right to a voice in deciding to allow compatibility with one another's software applications." D.I. 12 ¶ 39. But, if Salesforce controls a developer's actions, it cannot also be true that the two entities have an equal voice.

This factual contradiction is fatal to Rosebud's joint infringement claim. Although a plaintiff can present alternative claims or defenses, it cannot rest its claim on contradictory factual allegations. *See* Fed. R. Civ. P. 8(d)(2); *see also In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) ("Internally conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim."). Indeed, "[a]lternative pleading

---

[2]   Rosebud's citation to *Nalco* is also unavailing because the Complaint does not plead allegations "that a third party hoping to obtain access to certain benefits can only do so if it performs certain steps identified by the defendant, and does so under the terms prescribed by the defendant." 2018 WL 1055851, at *9.

7

does not permit a plaintiff to make factual contradictions that conflict with legal conclusions on essential elements of the claim." *Thomas v. Kamtek, Inc.*, 143 F. Supp. 3d 1179, 1188–89 (N.D. Ala. 2015) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999)); *see also Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 236 (W.D. Pa. 2015). The contradiction in whether Salesforce controls or gives an equal voice to its developers thus undermines the plausibility of Rosebud's joint infringement claims and warrants dismissal of those claims. *See Livent*, 151 F. Supp. 2d at 407 (finding "conflicting allegations would be deemed admissions that undermine plaintiffs' statement of the elements of a sufficient claim").

As a final matter, Rosebud offers no viable response for its failure to specify who it alleges performs which steps of the asserted claims. Although Rosebud argues that this question can be answered after discovery, D.I. 16 at 10, who is alleged to do what is an essential part of notice pleading under Rule 8, and Rosebud should not be permitted to proceed with its claim without knowing (and pleading) who performs which element of the claim. *See*, *e.g.*, *Raptor, LLC v. Odebrecht Constr., Inc.*, No. 17-21509-CIV, 2017 WL 3776914, at *5 (S.D. Fla. Aug. 31, 2017) (granting motion to dismiss in part because allegations failed to "provide proper notice as to which Corporate Defendant is accused of adding the final element to 'make' the infringing Tunnel Mold," or "which Corporate Defendant 'used' the Tunnel Mold on the job site."). For this additional reason, Rosebud's joint infringement claim should be dismissed.

### C. Rosebud has not pled facts sufficient to state an inducement claim.

Rosebud tries to salvage its inducement claim by arguing that it covers only the instance where a user operates the Quip product, which Rosebud alleges "can perform all steps of the patented inventions disclosed by its '280 and '879 patents." D.I. 16 at 12. Thus, according to Rosebud's opposition, it is the user who causes Quip to "mirror the user actions performed in the first instance without user intervention" by operating Quip. But that is not what the Complaint

8

alleges.  *See, e.g.*, D.I. 12 ¶¶ 29, 34, 62.  Rosebud's opposition, in fact, only asks the Court to infer these allegations from the generic statement that "Salesforce causes 'others, including customers, users, and developers to practice one or more claims of the ['280/'879] patent.'"  D.I. 16 at 12.  But saying that users practice the claims does not indicate *how* users practice one or more of the claims—e.g., by themselves or by use of the accused Quip product—and in any event, this allegation is the type of conclusory statement that cannot state a claim for relief.  *See, e.g.*, *Iqbal*, 556 U.S. at 678.  Thus, Rosebud's inducement claim should be dismissed for this additional reason.

### III. CONCLUSION

Because Rosebud has not pled a plausible claim for patent infringement, its First Amended Complaint should be dismissed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Ryan M. Kent
Sonal N. Mehta
Laura Miller
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

March 16, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 16, 2018, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE  19809<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Cecil E. Key, Esquire<br>DIMUROGINSBERG, P.C.<br>1101 King Street, Suite 610<br>Alexandria, VA  22314<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)